**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| OSVIN LEONEL CONTRERAS MADRID | : | |
| Plaintiff, | : | CIVIL ACTION No. |
| v. | : | |
| | : | |
| WAL-MART STORES EAST, LP | : | |
| and | : | |
| ANGEL SANABRIA | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

**DEFENDANTS' NOTICE OF REMOVAL**

Defendants, Wal-Mart Stores East, LP (hereinafter referred to as "Walmart") and Angel Sanabria, referred to collectively herein as "Defendants," by and through their undersigned counsel, Law Offices of McDonnell & Associates, P.C., hereby file this Notice of Removal pursuant to 28 U.S.C. § 1441(a) and (b) and § 1446(b) and (c)(2) to remove this action from the Philadelphia County Court of Common Pleas, March Term, 2024, No. 01178, where it is currently pending, to the United States District Court for the Eastern District of Pennsylvania. In support thereof, Defendants aver as follows:

1. On or about March 11, 2024, Plaintiff Osvin Leonel Contreras Madrid initiated this action by filing a Complaint in the Court of Common Pleas of Philadelphia, March Term, 2024, No. 01178. *See* a true and correct copy of Plaintiff's Complaint attached hereto as Exhibit "A."

2. Plaintiff alleges that on or about June 20, 2023, he slipped and fell on liquid at the Walmart store located at 4600 Roosevelt Boulevard, Building G, in Philadelphia, PA, causing him to sustain "serious and permanent personal injuries." *See* Exhibit "A" at ¶¶ 9, 11.

3. Plaintiff specifically alleges damages in excess of $75,000. *Id.* at *ad damnum* clauses.

4. On April 18, 2024, Plaintiff purportedly served Walmart at 4600 Roosevelt Boulevard, Philadelphia, PA 19124, the location of Walmart Store #5103 where the incident supposedly occurred. *See* a true and correct copy of Plaintiff's Affidavit of Service upon Wal-Mart Stores East, LP attached hereto as Exhibit "B."

5. Walmart answered the Complaint on May 6, 2024. *See* a copy of Walmart's Answer attached hereto at Exhibit "C."

6. In addition to Walmart, Plaintiff named multiple landlord entities as Defendants who destroyed diversity of citizenship. However, Plaintiff voluntarily dismissed the landlord entities on August 30, 2024. *See* a true and correct copy of the filed Stipulation to Dismiss attached hereto as Exhibit "D."[1]

7. Plaintiff also named an hourly backroom associate named Angel Sanabria, who had absolutely nothing to do with the alleged incident and had no managerial authority whatsoever, as an individual Defendant.

8. Although Mr. Sanabria is a Pennsylvania citizen, he has not been served and he was fraudulently joined.

9. For the reasons set forth more fully below, Mr. Sanabria's citizenship should be disregarded for the purposes of determining diversity and this case is properly and timely removed to Federal Court.

**I. The Amount In Controversy Exceeds $75,000**

10. As an initial matter, Plaintiff specifically alleges damages in excess of $75,000. *See* Exhibit "A," *ad damnum* clauses.

---

[1] Defendants BREIT NE Roosevelt Owner, LLC, Shopcore Properties, LP, and ShopCore Properties TRS Management LLC

11.	Additionally, he alleges that he "suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and other ills and injuries, including head and back, all to Plaintiff's great loss and detriment." *Id.* at ¶ 14.

12.	Therefore, this case meets the amount in controversy requirement to justify removal to Federal Court based on the face of the Complaint. *See Hiester v. Wal-Mart Stores East, LP*, Civil Action No. 18-4863, 2018 U.S. Dist. LEXIS 210670 (E.D. Pa. Dec. 13, 2018) (holding that a Complaint alleging "serious and painful injuries," "exacerbation of preexisting conditions," "great physical pain and disfigurement," and damages in excess of $50,000, was removable based on the face of the pleading).

13.	If not based on his initial pleading, his recent demand of $825,000 within a case management memorandum clearly indicates that this matter meets the jurisdictional threshold.

## II.	Mr. Sanabria's Citizenship Should Be Disregarded Because He Has Not Been Served, No Colorable Claim Exists Against Him, and Plaintiff Has No Good Faith Intention to Pursue The Claims Against Him.

14.	Removal from the Philadelphia Court of Common Pleas is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Court of the United States has original jurisdiction and if "none of the parties in interest ***properly joined and served*** as a defendant is a citizen of the state in which such action is brought." (emphases added).

15.	"The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 215-216 (3d Cir. 2006) (*citing Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)).

16.    A diverse defendant "may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *Briscoe*, 448 F.3d at 216.

17.    "'Fraudulent joinder' is a term of art – a demonstration of outright fraud or bad faith is not necessary to render a party fraudulently joined. Rather, the standard consists of two independently sufficient tests – one objective and one subjective." *Lopez v. Home Depot, Inc.*, 2008 U.S. Dist. LEXIS 56292, *4-5 (E.D. Pa. Jul. 22, 2008) (*citing Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)).

18.    Joinder is fraudulent "'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, **or** no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" *Arndt v. Johnson & Johnson*, 2014 U.S. Dist. LEXIS 28629, *8-9 (E.D. Pa. Mar. 5, 2014) (quoting *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).

19.    In determining whether there has been a fraudulent joinder, the Court may "look beyond the allegations of plaintiffs' complaint and examine the underlying facts." *Lopez*, 2008 U.S. Dist. LEXIS 56292 at * 5 (quoting *Abels*, 770 F.2d at 32).

20.    This Court has recognized that an affidavit can be considered when determining whether a party has been fraudulently joined when it "completely divorces the challenged defendant from the allegations" in the complaint. *Accardi v. Dunbar Armored, Inc.*, 2013 U.S. Dist. LEXIS 113822, *11-12, 2013 WL 4079888 (E.D. Pa. Aug. 13, 2013) (citation omitted); *See also* 28 U.S Code § 1746.

21.    In this case, Mr. Sanabria has neither been served nor properly joined and his citizenship should therefore be disregarded for diversity purposes.

**A. Mr. Sanabria Has Not Been Served**

22. Plaintiff filed an Affidavit of Service claiming to have served Mr. Sanabria on March 18, 2024. *See* a true and correct copy of the purported Affidavit of Service upon Angel Sanabria attached hereto as Exhibit "E."

23. The affiant describes "personal service by handing the documents to an individual identified as Angel Sanabria," a "White Female, est. age 45-54, blonde hair." *Id.*

24. Mr. Sanabria is a Hispanic man with dark hair – not a "white female with blonde hair."

25. The Affidavit does not identify the female served, but upon information and belief, she was another hourly store level employee who is not authorized to accept service for either Walmart or Mr. Sanabria in his individual capacity.

26. Mr. Sanabria has not been personally served with any documents or pleadings related to this lawsuit and was wholly unaware of this lawsuit until he was contacted by undersigned counsel. *See* the Affidavit of Angel Sanabria attached hereto as Exhibit "F."

27. Since Mr. Sanabria has not been "properly joined **and served**," his citizenship may be disregarded for diversity purposes.

**B. There Is No Colorable Claim Against Mr. Sanabria and Plaintiff Does Not Intend to Pursue the Claims Against Him**

28. Mr. Sanabria is identified in Plaintiff's Complaint as "a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at 4600 Roosevelt Boulevard, Building G in Philadelphia, PA 19124." *See* Exhibit "A," at ¶ 3,

29. Mr. Sanabria is not a "business entity" at all – he is an individual. Further, he has no interest in the subject premises whatsoever – ownership or otherwise. He is merely an hourly backroom associate who works at the subject Walmart store. *See* Exhibit "F," ¶¶ 2, 5, 6.

30. There is no allegation in the Complaint that Mr. Sanabria personally participated in any events related to the alleged incident. *See* Exhibit "A."

31. Indeed, he has no knowledge of the incident at all and has never met Plaintiff in his life. *See* Exhibit "F," at ¶ 7.

32. He is not a manager or agent of the Company, so this is not a situation where the corporate veil could theoretically be pierced under a participation theory even if it were alleged he had something to do with the incident.

33. Simply put, Mr. Sanabria has no connection to this incident at all: Therefore, there is no colorable claim against him.

34. Moreover, Plaintiff has indicated that he has no real intention to pursue the claim against Mr. Sanabria: When undersigned counsel requested his dismissal, Plaintiff agreed. *See* a true and correct copy of August 30, 2024, email correspondence attached hereto at Exhibit "G."

35. However, in an effort keep the case in state court, Plaintiff refused to dismiss Mr. Sanabria absent Walmart's agreement to voluntarily join its own store-level manager. *Id*.

36. Thus, this case is removable under *both* available fraudulent joinder theories – there is no colorable claim *and* Plaintiff has no good faith intention to pursue the claim.

**III.     The Parties Are Otherwise Wholly Diverse.**

37. Plaintiff resides at 4910 A Street, Philadelphia, PA 19120 therefore, he is a citizen of the Commonwealth of Pennsylvania. *See* Exhibit "A" at ¶ 1.

38. Defendant Wal-Mart Stores East, LP (WMSE) is a limited partnership organized and existing under the laws of Delaware. Walmart Inc. is the ultimate and sole (100%) owner of Wal-Mart Stores East, LP through wholly-owned operating entities as follows: Walmart Inc. (WMI), a citizen of Delaware and Arkansas, is the sole (100%) member of Wal-Mart Stores East, LLC (WMSE). Therefore, WMSE is a citizen of Delaware and Arkansas. WMSE is the sole (100%) member of both WSE Management, LLC and WSE Investment, LLC. Therefore, WSE Management, LLC and WSE Investment, LLC are also citizens of Delaware and Arkansas. WSE Investment, LLC, is the 99% owner and limited partner of Wal-Mart Stores East, LP. WSE Management, LLC, is the 1% owner and general partner of Wal-Mart Stores East, LP. Accordingly, Wal-Mart Stores East, LP is a citizen of the States of Delaware and Arkansas since its partners are citizens of Delaware and Arkansas. *See Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (". . . a partnership, as an unincorporated entity, takes on the citizenship of each of its partners.").

39. As discussed above, Plaintiff originally named multiple landlord entities (BREIT NE Roosevelt Owner, LLC, Shopcore Properties, LP, and ShopCore Properties TRS Management LLC) whose citizenship destroyed diversity.

40. However, these non-diverse defendants were voluntarily dismissed by Plaintiff on August 30, 2024. *See* Exhibit "D."

41. The only remaining defendant whose citizenship could theoretically defeat diversity is Mr. Sanabria, but as discussed above, he was fraudulently joined.

42. Accordingly, all parties who are properly joined and served in this case are wholly diverse and the requirements for federal jurisdiction are satisfied.

**IV.     Removal Is Timely Because The Complaint Was Not Removable Until August 30, 2024.**

43. The Complaint alleges damages in excess of $75,000, and Mr. Sanabria was fraudulently joined. However, this case was not removable at the outset because Plaintiff also named multiple landlord defendants whose inclusion defeated diversity.

44. These non-diverse defendants were voluntarily dismissed by Plaintiff on August 30, 2024.

45. The District Courts have advised that when the Plaintiff voluntarily dismisses a non-diverse party, the signed stipulation qualifies as "other paper" and begins the removal clock anew.

46. Under the so-called voluntary-involuntary rule, cases "not initially removable cannot become removable except by a voluntary act of the plaintiff, such as amendment of the pleading or voluntary dismissal of the non-diverse defendant." *Stewart v. Ethicon, Inc.*, 2020 U.S. Dist. LEXIS 50271, *11, 2020 WL 1330713 (E.D. Pa. Mar. 19, 2020) (*quoting Rubino v. Genuardi's Inc.*, 2011 U.S. Dist. LEXIS 9735, 2011 WL 344081, at *5 (E.D. Pa. Jan. 31, 2011); *see also In re Diet Drugs Prods. Liab. Litig.*, 1999 U.S. Dist. LEXIS 2074, *5, 1999 WL 106887 (E.D. Pa. Mar. 2, 1999) (stating that "[w]here plaintiff, by his voluntary act has definitely indicated his intention to discontinue the action as to the non-diverse defendant, plaintiff has indicated that he no longer desires to dictate the forum and the case then becomes removable under 28 U.S.C. § 1446(b)" (citations omitted),

47. Therefore, this removal is timely filed based on the date when the landlord defendants were dismissed by Plaintiff.

48. The United States District Court of Pennsylvania is the Federal Judicial District encompassing Philadelphia County, Pennsylvania, where the State Action was filed. For

purposes of removal, venues lies in this Court, pursuant to 28 U.S.C. §§ 1441(a), 1441(b), and 1446(c)(2) have been satisfied and the matter is properly removable.

**WHEREFORE**, Defendants respectfully request that the State Action be removed from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

MCDONNELL & ASSOCIATES, PC

Date: September 30, 2024

*/s/ Joshua D. Yom*
Patrick J. McDonnell, Esquire
Attorney I.D. No. 62310
Joshua D. Yom, Esquire
Attorney I.D. No. 327495
Metropolitan Business Center
850 First Avenue, Suite 5B
King of Prussia, PA 19406
(T) 610.337.2087 (F) 610.337.2575
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| OSVIN LEONEL CONTRERAS MADRID : | | |
| Plaintiff, | : | CIVIL ACTION No. |
| v. | : | |
| | : | |
| WAL-MART STORES EAST, LP | : | |
| and | : | |
| ANGEL SANABRIA | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

**<u>CERTIFICATE OF SERVICE</u>**

I, Joshua D. Yom, Esquire hereby certify that on September 30, 2024, Defendants' Notice of Removal was served via CM/ECF and regular mail upon the following:

Marc Simon, Esquire
Simon & Simon
18 Campus Blvd., Suite 100
Newtown Square, PA 19073
(F): 267-639-9006
marcsimon@gosimon.com
*Attorneys for Plaintiff*

**MCDONNELL & ASSOCIATES, P.C.**

Dated: September 30, 2024

*/s/ Joshua D. Yom*
Joshua D. Yom, Esquire
*Attorneys for Defendants*
