**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Osvin Leonel Contreras Madrid | : | |
| | : | |
| Plaintiff | : | No. 2:24-cv-05229 |
| | : | |
| v. | : | |
| | : | |
| Wal-Mart Stores East, LP, et al | : | |
| | : | |
| Defendants | : | |
| | : | |

**I.**                    **RELIEF REQUESTED**

**COMES NOW** Plaintiff, Osvin Leonel Contreras Madrid, by and through his attorney, Harry Gosnear, Esquire, and moves this court for an order allowing leave to file an Amended Complaint in this matter.

**II.**                        **ISSUE**

To accommodate the process of justice, this court should allow the filing by Plaintiff of an Amended Complaint.

**III.**                **FACTUAL BACKGROUND**

1. This matter arises from a June 30, 2023 slip and fall accident that occurred at the Walmart store located at 4600 Roosevelt Blvd, Building G in Philadelphia. PA. As a result, Plaintiff sustained serious and permanent injuries.

2. On March 11, 2024, Plaintiff filed a Complaint against multiple defendants including Walmart Stores East, LP and Angel Sanabria who was believed to be the Walmart store manager. See Plaintiff's Complaint attached as *Exhibit A.*

3.  On September 30, 2024, this matter was removed by Defendants from Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

4.  Defendants BREIT NE Roosevelt Owner, LLC, Shopcore Properties, LP and Shopcore Properties TRS Management LLC were dismissed by Stipulation of the parties on August 30, 2024,

5.  Defendants' Notice of Removal alleges that defendant, Angel Sanabria, a Pennsylvania resident, was not the store manager on the date of loss and further that he is not a properly joined and served Defendant and further alleges that defendant Angel Sanabria was fraudulently joined.

6.  Defendant, Angel Sanabria, personally accepted service of Plaintiff's Complaint with discovery requests on March 18, 2024. See Affidavit of Service attached as ***Exhibit B***.

7.  Defendant, Angel Sanabria, who was initially believed to be the store manager or person-in-charge, was not fraudulently joined and therefore, since he resides in Pennsylvania, there is not complete diversity therefore this Court may relinquish jurisdiction and remand the case back to Philadelphia County. Likewise, Shanell Henry, who is identified as the Walmart store manager in Plaintiff's proposed Amended Complaint, based upon further investigation following Defendants denying that Mr. Sanabria was the store manager, is also a resident of Pennsylvania.

8.  Defendant, Angel Sanabria and / or Shanell Henry, as the Walmart store manager, was not fraudulently joined and is a therefore proper party in this matter. A corporate officer can be liable in tort for his own wrongful conduct on behalf of the corporation, even though the corporation is not a sham and there is no basis for piercing the corporate veil." B&R Res., LLC v. Dep't of Envtl. Prot., 180 A.3d 812, 818 (Pa. Commw. 2018) (referencing Wicks v. Milzoco Builders, Inc., 470 A.2d 86, 89-90 (Pa. 1983). "The basis of individual liability, known as the participation theory, is predicated on the corporate

officer's own actions and participation in the corporation's wrongful conduct, rather than the corporation's status and his relationship to the corporation. Wicks, 470 A.2d at 89-90." Id.  There are two ways a corporate officer can be personally liable in a tort action. First, a corporate officer is liable where his/her actions are improperly performed (misfeasance). See Wicks 470 A.2d at 89. Second, a corporate officer is liable if his/her intentional and knowing inaction contributes to the plaintiff's injuries. Id.; see also, B&R, 180 A.3d at 820.  In B&R Res., LLC v. Dep't of Envtl. Prot., 180 A.3d 812, 820 (Pa. Commw. Ct. 2018), controlling precedent demonstrates that intentional and knowing *inaction* supports liability under the participation theory. Id. at 820. Particularly, the court in B&R pointed to the Supreme Court decision in Wicks, where the Supreme Court *reversed* the Superior Court's affirmance of the trial court's Order to sustain demurrer against corporate officers for acts which Defendants would surely proclaim amount to "at best, a finding of nonfeasance." Id.

9.        Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment. But, if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court …. In evaluating the alleged fraud, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district court must assume as true all factual allegations of the complaint. It also must resolve any uncertainties as to the state of controlling substantive law in favor or the plaintiff. In re Briscoe, 448 F.3d, 201, 217 (3d Cir. 2006), citing Batoff v State Farm Ins. Co., 977 F.2d 848 (3d Cir. 1992)

10. Plaintiff, by way of amending his Complaint, revises the negligence allegations in Count 2 to properly allege acts of misfeasance on the part of the defendant store manager, Shanell

Henry

**11.** Plaintiff hereby requests permission to file the proposed Amended Complaint to revise the allegations related to the identification and negligence of the store manager defendant. See Plaintiff's Proposed Amended Complaint attached hereto as *Exhibit C.*

**IV.**                                          **LEGAL AUTHORITY**

A party may amend its pleading only with the opposing party's written consent or the Court's leave. The Court should freely give leave when justice requires. Fed. R. Civ. P. 15(a)(2).

Generally, leave to amend should be freely granted absent a concern of: (1) undue delay; (2) bad faith or dilatory motive; (3) continued failure to cure deficiencies by prior amendments; (4) undue prejudice to the opposition; or (5) futility of amendment. Forman v. Davis, 371 U.S. 178, 182 (1962).

The statute of limitations in this matter does not expire until June 30, 2025. Permitting Plaintiff to Amend his Complaint to revise the allegations related to the identification and negligence of the store manager defendant, Shanell Henry, does not create any undue delay; Plaintiff has no bad baith or dilatory motive to amend his Complaint; there are no prior deficiencies to address; there is no undue prejudice to the Defendants; and Plaintiff's claims against Shanell Henry are not futile.

Plaintiff respectfully requests leave to amend her Complaint and asks that this Honorable Court grant her Motion for Leave of Court to Amend and further consider remanding the case, without further Motion by Plaintiff, to Philadelphia County as this Court lacks diversity jurisdiction.

**SIMON & SIMON, PC**

/s/

By: _____

**Harry Gosnear, Esquire**
Attorney for Plaintiff