# EXHIBIT C

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | |
|---|---|
| Osvin Leonel Contreras Madrid | : |
| 122 East 65th Avenue | : |
| Philadelphia, PA 19120 | : |
| | :   #: 2:24-cv-05229 |
|                Plaintiff | : |
| | : |
| v. | : |
| | : |
| Wal-Mart Stores East, LP | : |
| 4600 Roosevelt Boulevard, Bldg. G, | : |
| Philadelphia, PA 19124 | : |
| | : |
| Shanell Henry | : |
| 4600 Roosevelt Boulevard, Building G | : |
| Philadelphia, PA 19124 | : |
| | : |
|                Defendants | : |
| | : |

**AMENDED COMPLAINT**

1.  Plaintiff, Osvin Leonel Contreras Madrid, is an adult individual and resident of the Commonwealth of Pennsylvania, residing at the address listed in the above caption of this Complaint.

2.  Defendant, Wal-Mart Stores East, LP, is a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at 4600 Roosevelt Boulevard, Building G in Philadelphia, PA 19124.

3.  Defendant, Shanell Henry, is an adult individual residing in the  Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint, and which at all times material hereto was the store manager and /or person-in-charge and/or otherwise

legally responsible for the care, control and safety of the premises Walmart store located at 4600 Roosevelt Boulevard, Building G in Philadelphia, PA 19124.

4. Upon information and belief, Defendants regularly and systematically transact business in Philadelphia County so as to be subject to venue and in personem jurisdiction in Philadelphia.

5. At all relevant times, Defendants were acting individually, jointly and/or by and through its agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises Walmart store located at 4600 Roosevelt Boulevard, Building G in Philadelphia, PA 19124, referred to hereinafter as "the premises."

6. On or about June 30, 2023, Plaintiff was a business invitee, licensee and/or otherwise legally on Defendants' premises.

7. At all times relevant hereto, Defendants, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, had a duty to keep and maintain the aforesaid premises in a reasonably safe condition for those persons lawfully thereon, including Plaintiff.

8. On or about June 30, 2023, while on Defendants' premises Plaintiff was caused to slip and fall on a liquid substance that was on the floor, causing serious and permanent personal injuries on account of which this action is brought.

9. At or about the same date, time and place in question, and for some period of time prior thereto, Defendants, acting individually, jointly and/or by and through their agents, servants, franchisees, workmen and/or employees, negligently and/or carelessly allowed and permitted dangerous and unsafe conditions to exist, including but not limited to, the conditions which directly resulted in the plaintiff's injuries.

**COUNT I**
**Osvin Leonel Contreras Madrid v. Wal-Mart Stores East, LP**

**Negligence**

10. The negligence of Defendants consisted of, <u>inter alia,</u> the following:

    a.  Failure to clean up the liquid substance;

    b.  Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

    c.  Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

    d.  Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

    e.  Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

    f.  Failure to provide adequate safeguards to prevent the injury to Plaintiff;

    g.  Failure to exercise the proper care, custody and control over the aforesaid premises.

11. As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including head and back, all to Plaintiff's great loss and detriment.

12.  As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and

may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

13.  As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

14.  As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

15. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Osvin Leonel Contreras Madrid, demands judgment in Plaintiff's favor and against Defendant, Wal-Mart Stores East, LP, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

**COUNT II**
**Osvin Leonel Contreras Madrid v. Shanell Henry**
**Negligence**

16. The negligence of Defendants consisted of the following:

   a.  Defendant Shanell Henry was **personally aware** of the risks of spills on the floor inside the Walmart store aisles causing slippery conditions in the area where Plaintiff slipped and fell;

   b.  Defendant Shanell Henry, as part of her role as manager, personally knew about the floor and product safety guidelines  / Standard Operating Procedures required by Defendant Walmart and improperly, carelessly and negligently implemented those guidelines;

c.  Defendant Shanell Henry, as part of her role as manager, was aware that in order to prevent injuries such as the incident sustained by Plaintiff, the Walmart store associates would have to be qualified and be properly trained to identify spills, warn customers of spill and promptly clean up spills on the floor—all of which were her responsibility;

d.  Defendant Shanell Henry, improperly, carelessly and negligently trained Walmart store associates in the area of inspecting the floors for spills and or other slippery conditions on the floors in the area where Plaintiff slipped and fell resulting injuries to Plaintiff;

e.  Defendant Shanell Henry, improperly, carelessly and negligently:

   i.  Personally inspected the floors for spills in the area where Plaintiff slipped and fell;

   ii.  Implemented Defendant Walmart's Policies and procedures related to floor safety, inspecting for spills, warning customers of spills, and/or cleaning spills;

   iii.  Supervised Walmart associates charged with inspecting for spills, warning customers of spills, and/or cleaning spills in the area where Plaintiff slipped and fell;

   iv.  Trained Walmart associates charged with inspecting for spills, warning customers of spills, and/or cleaning spills in the area where Plaintiff slipped and fell;

   v.  Trained Walmart associates charged with monitoring the Walmart in-store security cameras to identify spills and/or warn customers of spills on the floor and/or promptly dispatch associated to the area of the spill;

vi.   Personally monitored the Walmart store security cameras to identify spills in the area where Plaintiff slipped and fell;

vii.  Supervised Walmart associates charged with monitoring the Walmart in-store security camera to identify spills and/or warn customers of spills on the floor and/or promptly dispatch associated to the area of the spill;

viii. Implement any required documentation of scheduled inspections of the Walmart store floor conditions to identify slip or trip hazards at regular time intervals;

ix.   Implement any scheduled inspections of the Walmart store floor conditions to identify slip or trip hazards at regular time intervals to prevent incidents and injuries involving customers;

x.    Request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendants' employees and/or agents;

xi.   Reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises, specifically liquid / gel substance spills on the floor;

xii.  Provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions, specifically liquid / gel substance spills on the floor giving rise to the instant action;

xiii. Follow internal Walmart safety protocols;

xiv.  Carried out her management and/or supervisory duties in a professional and competent manner resulting in Plaintiff's slip and fall on a slippery

liquid substance on the floor in the Walmart store where she was the person-in-charge and/or otherwise responsible for the actions of Walmart associates working at the Walmart Store at or around the date and time Plaintiff's incident;

17. As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including head and back, all to Plaintiff's great loss and detriment.

18. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

19. As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

20. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

21. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Osvin Leonel Contreras Madrid, demands judgment in Plaintiff's favor and against Defendant, Shanell Henry, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, PC

_____/s_____
HARRY GOSNEAR, ESQUIRE
*Attorney for Plaintiff*

## **VERIFICATION**

I, Harry Gosnear, hereby state that I am the attorney for Plaintiff in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

_____
Harry Gosnear