IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OSVIN LEONEL CONTRERAS MADRID,<br><br>*Plaintiff,*<br><br>v.<br><br>WALMART STORES EAST, LP, et al.,<br><br>*Defendants.* | CIVIL ACTION<br>NO. 24-5229 |

**Pappert, J.**                                                                                                       March 14, 2025

### MEMORANDUM

  Osvin Leonel Contreras Madrid sued Walmart and one of its employees, Angel Sanabria, in the Philadelphia County Court of Common Pleas over injuries allegedly sustained when he slipped and fell at a Walmart store in Philadelphia. Contreras Madrid alleges Sanabria is a "business entity" with the store's "business address" and thus a Pennsylvania citizen. Defendants removed the case to federal court, claiming Sanabria was fraudulently joined and that without him there is diversity of citizenship.

  Contreras Madrid never moved to remand the case to state court, seeking instead leave to amend his complaint to replace Sanabria with Shanell Henry, purportedly the manager of the Walmart at the time of the incident. He describes Henry as "an adult individual residing in the Commonwealth of Pennsylvania" at the store's business address. Before the Court can decide the motion for leave to amend, it must evaluate whether removal was proper, i.e., whether Sanabria was fraudulently joined. He was and is dismissed from the case. And because Contreras Madrid's purpose in seeking to join Henry is also a transparent attempt to defeat diversity

1

jurisdiction, the Court denies the motion for leave to amend. Finally, the Court will issue a Rule to Show Cause why Contreras Madrid's counsel should not be sanctioned for their machinations.

I

In March of 2024, Contreras Madrid sued Walmart Stores East, LP[1] and Sanabria in the Philadelphia County Court of Common Pleas. (Compl. 2–3, ECF No. 1-4.) He alleges that on June 30, 2023, he slipped on a spilled liquid and fell while shopping at a Walmart in north Philadelphia. (*Id.* ¶ 11.) The Complaint is opaque with respect to Sanabria's alleged role in the purported incident. To start, it labels him a "business entity registered to do business in the Commonwealth of Pennsylvania," with the same address as the Walmart store. (Compl. ¶ 3.) Next, it conclusorily alleges that, at the time of the accident, Sanabria was "the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises." (*Id.*) Finally, it alleges Sanabria was negligent for failing to clean up the liquid, oversee periodic inspections of the premises, provide sufficient warning to customers, and provide adequate safeguards. (*Id.* at ¶ 19.)

On September 30, 2024, the Defendants removed the case to federal court pursuant to 28 U.S.C. §§ 1441 & 1446. (Not. of Removal, ECF No. 1.)[2] They claimed

---

[1] While Contreras Madrid did not properly allege Walmart's citizenship in the original or proposed amended complaints, Walmart did so in its notice of removal. (Not. of Removal ¶¶ 37–38.) Walmart Stores East, LP is wholly owned by Walmart, Inc., a citizen of Arkansas and Delaware. (Not. of Removal ¶ 38.) *Cf. Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104–05 (3d Cir. 2015) (noting that the citizenship for partnerships is determined by "the citizenship of their partners or members"). *See generally* 28 U.S.C. § 1332(c)(1).

[2] Walmart contends its notice of removal is timely under the voluntary-involuntary rule, which states that cases "not initially removable cannot become removable except by a voluntary act of the plaintiff, such as amendment of the pleading or voluntary dismissal of the non-diverse defendant." *Rubino v. Genuardi's Inc.*, No. 10-6078, 2011 WL 344081, at *5 (E.D. Pa. Jan. 31, 2011). Further,

Contreras Madrid fraudulently joined Sanabria to defeat diversity jurisdiction and keep the case in the Common Pleas Court. (*Id.* at ¶¶ 28–36.) Contreras Madrid never moved to remand the case back to state court; instead, on November 4, 2024, he sought leave to amend his Complaint. (ECF No. 10.) In his proposed amended complaint, he replaces Sanabria with Shanell Henry, who he now claims was the store manager at the time of the incident. (ECF No. 10-5.) He alleges Henry was "personally aware of the risks of spills on the floor," and that she "carelessly and negligently implemented" Walmart's floor safety guidelines, "negligently trained Walmart store associates," and negligently supervised Walmart store associates. (Compl. at ¶ 16.) The Defendants responded on November 18, 2024, contending amendment is improper because Contreras Madrid's primary purpose in joining Henry is to defeat diversity. (Resp. in Opp. to Mot. for Leave to Amend at 10, ECF No. 13.)

II

Contreras Madrid alleges Sanabria is a "business entity" while contending he is a citizen of Pennsylvania. The Court first must decide whether it has diversity jurisdiction over this action as of the time of removal. *See Sayres v. Lancaster Press*,

---

the voluntary-involuntary rule "does not apply . . . where a plaintiff has fraudulently joined a party to defeat diversity." *Newman v. Ethicon, Inc.*, No. 19-4496, 2019 WL 6251194, at *2 (E.D. Pa. Nov. 21, 2019).

Contreras Madrid initially included three other non-diverse defendants in the Complaint, but voluntarily dismissed these defendants on August 30, 2024. (Compl. ¶ 2–4.) Because the only non-diverse defendant left was fraudulently joined, the case became removable on August 30, 2024.

Walmart filed its notice of removal on September 30, 2024, which it believed to be within the thirty-day deadline imposed by 28 U.S.C. § 1446(b). (Not. of Removal ¶¶ 43–48.) However, September 30 is thirty-one days after the case became removable. Nonetheless, Contreras Madrid "has not filed a motion to remand or otherwise challenged the timeliness of the removal." *Gomez v. Union City Bd. Of Educ.*, No. 22-3454, 2023 WL 239394, at *2 (D.N.J. Jan. 18, 2023); *see also Farina v. Nokia Inc.*, 625 F.3d 97, 114–15 (3d Cir. 2010) (recognizing that the "thirty-day time limit for removal is a procedural provision, not a jurisdictional one" and that failure to move to remand within thirty days of the notice of removal results in waiver of the objection).

No. 93-2796, 1994 WL 71277, at *1 (E.D. Pa. Mar. 8, 1994) (citing *Medlin v. Boeing Vertol Co.*, 620 F.2d 957, 960 (3d Cir. 1980)) (noting that a plaintiff's "failure to challenge removal cannot confer upon the court subject matter jurisdiction which it does not otherwise possess," and that "it is the responsibility of the court to inquire, *sua sponte*, into the question of subject matter jurisdiction").

A

A defendant in state court can remove a case to federal court if the federal court would have original jurisdiction over it. *See* 28 U.S.C. § 1441(a). "The removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

A federal court has diversity jurisdiction where there is complete diversity—that is, no plaintiff is a citizen of the same state as any defendant—and the amount in controversy exceeds $75,000.[3] *See* 28 U.S.C. § 1332(a); *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 150 (3d Cir. 2017). The doctrine of fraudulent joinder, however, allows a defendant to remove an action to federal court if a nondiverse defendant was joined solely to destroy diversity jurisdiction. *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009). Joinder is fraudulent if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006) (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26,

---

[3] Contreras Madrid claims damages "in excess of" $75,000 as a result of his alleged injuries. (Compl. ¶ 18.)

4

32 (3d Cir. 1985)). If the court determines joinder was fraudulent, it "can disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Id.* (quotation and citations omitted). But if the court determines joinder was not fraudulent, it lacks subject matter jurisdiction and must remand to state court. *See* 28 U.S.C. § 1447(c).

The removing party arguing fraudulent joinder has a "heavy burden of persuasion." *Steel Valley Auth.*, 809 F.2d at 1012 n.6. The district court must consider the complaint at the time the notice of removal was filed and accept all factual allegations in the complaint as true. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851–52 (3d Cir. 1992). Although a court cannot "step 'from the threshold jurisdictional issue into a decision on the merits,'" it can "look to more than just the pleading allegations" when ruling on a fraudulent joinder motion. *Briscoe*, 448 F.3d at 219 (quoting *Boyer*, 913 F.2d at 112). Thus, a removing defendant can rely on "evidence outside the pleadings, including such supporting documents as affidavits and deposition transcripts." *Yellen v. Teledne Cont'l Motors, Inc.*, 832 F. Supp. 2d 490, 503 (E.D. Pa. 2011) (quoting Charles A. Wright & Arthur R. Miller, 14C Federal Practice & Procedure § 3723.1 (4th ed., Apr. 2021 update)).

When deciding whether it has subject-matter jurisdiction, the Court's examination of the plaintiff's claims is less probing than on a motion to dismiss. *Batoff*, 977 F.2d at 852. Therefore, even if a party is not fraudulently joined, the claims against that party may ultimately be dismissed on a Rule 12(b)(6) motion. *Id.* Indeed, the fraudulent joinder analysis requires the court to ask only whether the claims are

5

"wholly insubstantial and frivolous," and "all doubts should be resolved in favor of remand." *Id.* at 851–52.

B

Contreras Madrid alleges Sanabria was in some way "responsible for the care, control and safety" of the Walmart store and was negligent through a litany of failures to act, such as failure to "clean up the liquid substance" and "failure to request and supervise periodic inspections of the premises." (Compl. ¶¶ 3, 19.)

He relies on the "participation theory" in an attempt to include Sanabria in the lawsuit. Under this theory, corporate officers or employees can be held liable in tort when they personally "participat[e] in the tortious activity" of the corporation. *Wicks v. Milzoco Builders, Inc.*, 470 A.2d 86, 90 (Pa. 1983); *see also Sherfey v. Johnson & Johnson*, No. 12-4162, 2014 WL 715518, at *8 (E.D. Pa. Jan. 29, 2014) (explaining that the participation theory requires the complaint to allege "specific facts that plausibly suggest" the officer took part in the tort's commission).

The requirement that an employee "participate" in the tortious activity means liability pursuant to the participation theory only attaches for misfeasance, not nonfeasance. *Wicks*, 470 A.2d at 90; *see also Loeffler v. McShane*, 539 A.2d 876, 878 (Pa. Super. Ct. 1988) (describing misfeasance as the "improper performance of an act" and nonfeasance as the "omission of an act which a person ought to do"); *Jackson v. Burlington Coat Factory*, No. 17-2459, 2017 WL 3534983, at *4 (E.D. Pa. Aug. 17, 2017) (concluding joinder of the alleged manager of a department store was fraudulent because the complaint "at best" alleged nonfeasance). A prerequisite to liability is the officer "specifically direct[ing] the particular [tortious] act to be done or participat[ing], or cooperat[ing] therein." *Wicks*, 470 A.2d at 90 (quoting 3A Fletcher, Cyclopedia of the

Law of Private Corporations § 1137). While the Pennsylvania Supreme Court applied the participation theory to senior corporate officers in *Wicks*, federal and state courts have since applied it to lower-level employees. *Aldorasi v. Crossroads Hosp. & Mgmt. Co.*, 344 F. Supp. 3d. 814, 822–23 (E.D. Pa. 2018).

Here, Contreras Madrid alleges Sanabria *failed* to take various measures to prevent the incident, not that he actively participated in bringing it about—textbook nonfeasance. *See, e.g.*, *Brindley v. Woodland Village Restaurant*, 652 A.2d 865, 869 (Pa. Super. Ct. 1995) (concluding restaurant "owners/employees" were not liable under the participation theory when a patron slipped and fell in the restroom because there was no evidence of "active, knowing participation" in putting the restroom in the dangerous condition); *Aldorasi*, 344 F. Supp. 3d at 824 (concluding participation theory is inapplicable because "the Complaint faults [the employees] only for what they failed to do"); *Avicolli v. BJ's Wholesale Club, Inc.*, No. 21-1119, 2021 WL 1088249, at *3 (E.D. Pa. Mar. 22, 2021). As a result, there is "no reasonable basis in fact or colorable ground" to support Contreras Madrid's claims against Sanabria under the participation theory. *Briscoe*, 448 F.3d at 216.[4]

---

[4] The Defendants proffer an affidavit from Sanabria in which he states he was working in the back of the store the day Contreras Madrid allegedly fell and knew nothing about the incident. (ECF No. 13-1.) Our Court has not always agreed on the weight to give such affidavits. *Compare Susman v. Goodyear Tire & Rubber Co.*, No. 17-3521, 2018 WL 1243733, at *7 (E.D. Pa. Mar. 9, 2018) (basing its conclusion in large part on the removing party's uncontested affidavit), *with Hughes v. BJ's Wholesale Club, Inc.*, No. 20-3760, 2020 WL 5534061, at *2 (E.D. Pa. Sept. 15, 2020) (declining to consider a store manager's affidavit in ruling he was not fraudulently joined).

As a rule of thumb, however, courts give more credence to "affidavits that present undisputed facts." *Benjamin v. JBS S.A.*, 516 F. Supp. 3d 463, 473–74 (E.D. Pa. 2021); *see also Yellen*, 832 F. Supp. 2d at 503–04 (explaining the permissibility of "limited piercing" of a complaint's contentions to assess an affidavit with undenied allegations) (quoting *Boyer*, 913 F.2d. at 111).

Here, given that Contreras Madrid fails to allege that Sanabria actively participated in causing his fall, the Court need not rely on the affidavit to support its ruling—though it could likely do so inasmuch as Contreras Madrid never challenged or denied its assertions.

7

The Defendants have carried their burden to show Sanabria's joinder was fraudulent, allowing the Court to "disregard, for jurisdictional purposes, the citizenship of [Sanabria], assume jurisdiction over [the] case, dismiss [Sanabria], and thereby retain jurisdiction." *Id.* at 216.

### III

In his motion for leave to amend the Complaint under Federal Rule of Civil Procedure 15(a), Contreras Madrid seeks to replace Sanabria with Shanell Henry.[5] (Mot. for Leave to Amend ¶ 7.) He claims he initially believed Sanabria to be the store manager, but upon "further investigation" determined that Henry had that role. (*Id.*) Walmart contends, correctly, that Contreras Madrid's primary purpose in joining Henry is to keep the case in state court. (Resp. in Opp. to Mot. for Leave to Amend at 10.)

### A

Contreras Madrid's attempt to amend his complaint is subject to 28 U.S.C. § 1447(e), which states "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." When reviewing a motion for leave to join a non-diverse defendant after removal, courts in this circuit have generally applied the factors set forth by the Fifth Circuit Court of Appeals in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). *Cf. Avenatti v. Fox News Network LLC*, 41 F.4th 125, 131 (3d Cir. 2022) (approving of the district court's

---

[5] The proposed amended complaint alleges Henry is a resident of Pennsylvania but is missing allegations of her citizenship or domicile. (Prop. Am. Compl. ¶ 3.) This is another reason to reject the proposed amended complaint. *See, e.g.*, *Johnson v. Target Corp. et al.*, 24-cv-3816, ECF No. 20, n.1 (E.D. Pa. Oct. 4, 2024) (dismissing a defendant *sua sponte* in a slip-and-fall case brought by Simon & Simon, P.C. because the complaint failed to allege defendant's citizenship in a diversity matter); *Young v. Holman, Inc. et. al.*, 23-cv-4257, ECF No. 5 (E.D. Pa. Nov. 14, 2023) (same).

8

application of the *Hensgens* factors when analyzing a motion for leave to amend as of right, and noting that there is "no reason why courts should be forbidden to consider the same factors in exercising power pursuant to" § 1447(e)).

Under *Hensgens*, a district court confronted with a motion to join a non-diverse party should consider: (1) the extent to which the amendment's purpose is to defeat federal jurisdiction, (2) whether the plaintiff will be significantly injured if amendment is not allowed, (3) whether the plaintiff has been dilatory in asking for amendment, and (4) any other factors bearing on the equities. 833 F.2d at 1182. "The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted. If it permits the amendment of the nondiverse defendant, it then must remand to the state court." *Id.* District courts have substantial discretion in permitting joinder of a non-diverse defendant. *Taylor v. GGNSC Philadelphia, LP*, No. 14-7100, 2015 WL 5584781, at *4 (E.D. Pa. Sept. 23, 2015).

B

The first *Hensgens* factor—the extent to which the plaintiff's purpose is to defeat federal jurisdiction—weighs against joinder. Contreras Madrid moved to amend just over a month after Walmart filed its notice of removal and before discovery. "When a plaintiff adds a nondiverse defendant right after removal but before any discovery, the court will suspect that he is trying to defeat federal jurisdiction." *Avenatti v. Fox News Network, LLC*, No. 20-1541, 2021 WL 2143037, at *3 (D. Del. May 26, 2021). This conclusion is bolstered by Contreras Madrid's decision not to seek remand, suggesting he knew he wouldn't succeed on the fraudulent joinder issue.

Further, the "minor differences between the two complaints confirm" Contreras Madrid's purpose. *Id.* He replaced Sanabria's name with Henry's—and this time did

9

not call her a business entity—though still listed her "business address" as the Walmart store. (Prop. Am. Compl. ¶ 3.) To state a claim under the the participation theory, he re-formulated the allegations of nonfeasance by Sanabria into allegations of purported misfeasance by Henry. For example, in his original Complaint, he alleged Sanabria "fail[ed] to request and supervise periodic inspections of the premises" and "fail[ed] to reasonably inspect, maintain and/or otherwise exercise due care and reasonable care." (Compl. ¶ 19.) In his proposed amended complaint, he alleges Henry "improperly, carelessly and negligently . . . inspected the floors for spills . . . , "supervised Walmart associates charged with inspecting for spills," and trained Walmart associates. (Prop. Am. Compl. ¶ 16.) Nothing in the amended allegations suggest Henry "specifically directed the particular [tortious] act to be done or participated, or cooperated therein." *Wicks*, 470 A.2d at 90. Indeed, the lack of a colorable claim in the proposed amended complaint signals the intent to avoid diversity jurisdiction. *See Avenatti*, 41 F.4th at 133 (3d Cir. 2021) ("[I]t is difficult to imagine why a jurisdiction-defeating defendant should be retained if there is not even a colorable claim against him.").

Finally, even assuming there is potential merit to the claim against the store manager, whoever that may be, Contreras Madrid knew of the claim from the get-go. *See Avenatti*, 2021 WL 2143037, at *4 (D. Del. May 26, 2021) ("Plus, Avenatti knew about Hunt's potential liability at the outset. He mentioned Hunt in the original complaint."); *see also Street*, 2024 WL 4374111, at *5. Both the initial Complaint and the proposed amended complaint allege the same sorts of nonfeasance by Sanabria and Henry. Contreras Madrid does not explain why he did not name Henry from the start;

all he says is that he thought Sanabria was the manager. (Mot. for Leave to Amend at ¶ 2, 7.) "That claim is suspicious: no discovery had occurred yet, so he had no occasion to learn anything new." *Avenatti*, 2021 WL 2143037, at *3 (D. Del. May 26, 2021).

The second *Hensgens* factor—prejudice—also militates against joinder. Contreras Madrid "can recover fully against" Walmart without Henry, making Henry "dispensable." *Avenatti*, 2021 WL 2143037, at *3 (D. Del. May 26, 2021).

The third factor—dilatoriness—doesn't help Contreras Madrid either. He filed his Complaint in state court on March 11, 2024. *See* (Not. of Removal ¶2). Walmart answered the Complaint on May 6, 2024, in which it stated that "Angel Sanabria was never owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the Walmart retail store" and that it believed he "was fraudulently named to defeat diversity of citizenship." (Answer ¶ 3, ECF No. 1-6.) This should have motivated counsel to conduct the reasonable investigation they should have done to begin with. Waiting until November of 2024— eight months after the lawsuit was filed, six months after the answer was filed, and one month after the case was removed—to seek amendment could indicate the desire to include a store employee was to defeat diversity. *See Street v. GAC Shipping*, No. 24-1739, 2024 WL 4374111, at *5 (E.D. Pa. Oct. 1, 2024) ("[H]er [first amended complaint] comes nearly a year after she filed her first lawsuit in state court. She never explains this delay. . . . The only explanation, it seems, is because once ICL removed the case, Street needed a reason to remand.").

The Court need not assess the final factor, given that nothing at this point could tip the equities in Contreras Madrid's favor. *Avenatti*, 41 F. 4th at 136 n.4 (3d Cir.

2022) (noting that a district court does not abuse its discretion in omitting consideration of the fourth factor where the first three factors weigh against amendment).

* * *

The *Hensgens* factors overwhelmingly weigh against joinder of Henry as a defendant. Contreras Madrid wants to plug Henry in for Sanabria to attempt once again to defeat this Court's subject matter jurisdiction. The Court denies accordingly the motion for leave to amend.

IV

Counsel's conduct in this case is cause for concern, particularly in light of their recent shenanigans before other judges in this district. *See Shelton v. Chaudhry*, --- F. Supp. 3d. ----, No. 24-5657, 2025 WL 311516, at *6 n.8 (E.D. Pa. Jan. 27, 2025) (collecting cases). In an accompanying Order, the Court will require Counsel to show cause why they should not be sanctioned.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.