## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

OSVIN LEONEL CONTRERAS
MADRID,

*Plaintiff,*

v.

WALMART STORES EAST, LP, et al.,

*Defendants.*

CIVIL ACTION
NO. 24-5229

## RULE TO SHOW CAUSE

**AND NOW**, this 14th day of March, 2025, Plaintiff's counsel, Harry B. Gosnear,

Marc I. Simon, and Simon & Simon, P.C., are **ORDERED TO SHOW CAUSE** why the

Court should not impose sanctions under Fed. R. Civ. P. 11(b)(1)–(3), 28 U.S.C. § 1927,

Pa. Rule Civ. P. 1023.1 and the Court's inherent powers. [1]

---

[1]   Federal Rule of Civil Procedure 11 imposes an affirmative duty on an attorney to conduct a reasonable inquiry into the factual and legal bases of all claims before filing and document with the court. *See Bus. Guides, Inc. v. Chromatic Commc'ns. Enters., Inc.*, 498 U.S. 533, 551 (1991).  Rule 11, in relevant part, provides: "(b) Representations to the Court.  By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."  Fed. R. Civ. P. 11(b)(1)-(3).  A court may, *sua sponte*, order an attorney to show cause why certain conduct does not violate Rule 11.  Fed. R. Civ. P. 11(c)(3).  In cases that have been removed to federal court, allegations in the state-court complaint may be subject to Rule 11 sanctions when plaintiff makes "efforts to 'advocate' the merits of that removed complaint in federal court."  *Collier v. Nat'l Penn Bank*, 2013 WL 7157976, at *2 (E.D. Pa. Apr. 1, 2013) (citing 1993 Amendments to Rule 11).

Under 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in courts of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously" may be required to "satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct."

"Among the implied and incidental powers of a federal court is the power to discipline attorneys who appear before it."  *In re Prudential Ins. Co. Am. Sales Litig. Agent Actions*, 278 F.3d 175, 189 (3d Cir. 2002). (citations and quotation marks omitted).  The Court may exercise its authority to impose sanctions when it determines that, in the course of litigation, an attorney "acted

Counsel shall file a response to this Order on or before **Monday, March 24, 2025**. The Court will hold a hearing, where Mr. Gosnear and Mr. Simon are ordered to appear in person, on **Tuesday, April 1, 2025, at 10:00 a.m. in Courtroom 11-A**. Specifically, counsel shall address in his response the following:

1. Why adding Sanabria or Henry as defendants was not done for an improper purpose, such as defeating federal jurisdiction;

2. Whether claims and legal contentions supporting the joinder of Sanabria or Henry are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and

3. Whether, after reasonable inquiry, counsel believed the factual allegations with respect to Sanabria or Henry's citizenship and alleged role in the incident to have evidentiary support.

If counsel do not file a response to this Order by March 24, 2025, the Court will impose sanctions it deems objectively reasonable under the circumstances.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 189 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)). "Generally, a court's inherent power should be reserved for those cases in which the conduct of a party or an attorney is egregious and no other basis for sanctions exists." *Martin v. Brown*, 63 F.3d 1252, 1265 (3d Cir. 1995).

Generally, "a federal court may apply a state-law counterpart to Rule 11 to a pleading filed in state court prior to removal." *Griffen v. City of Oklahoma City*, 3 F.3d 336, 341 (10th Cir. 1993) (collecting cases); *see also Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000) ("If the state pleading rules did not apply, then nothing would govern the original pleadings in these cases, and a party who filed in bad faith might escape any penalty.").